IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SAMUEL RAMSEY,

    Plaintiff,

v.       Case No. 2:21-cv-00497

SGT. JOHN WILSON and
CPL. DYLAN HAYHURST,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

*I.    PROCEDURAL HISTORY*

On September 3, 2021, Plaintiff, who is incarcerated at the Mount Olive Correctional Complex, in Mount Olive, West Virginia, filed a complaint (ECF No. 1) alleging that Defendants used excessive force against him on or about August 10, 2019. However, Plaintiff did not pay the applicable $402 filing fee or file an Application to Proceed Without Prepayment of Fees and Costs ("Application") at the time he filed his complaint. Thus, on September 15, 2021, the undersigned entered an Order and Notice directing Plaintiff to either pay the filing fee or file an Application by October 6, 2021. (ECF No. 5). Plaintiff was also notified of the obligation to keep the court and opposing party advised of any changes to his contact information, including his release from

custody. The Order and Notice further notified Plaintiff that the failure to comply therewith would result in the undersigned's recommendation to the presiding District Judge that this matter be dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. As of today's date, Plaintiff has wholly failed to comply with the undersigned's Order and Notice and has not communicated with the court in any way since filing his complaint.

## II.     DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished). Such is the case here.

Plaintiff has failed to comply with the undersigned's Order and Notice to either pay the applicable filing fee or file an Application form and he has failed to prosecute this

action as required. Accordingly, the responsibility for the delay in the progress of this matter is entirely on the plaintiff and dismissal, as expressly warned in the undersigned's Order and Notice, appears to be the only appropriate sanction.

### III.  FINDINGS AND RECOMMENDATION

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff has failed to prosecute this civil action. Therefore, it is respectfully **RECOMMENDED** that the presiding **DISMISS** this matter for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

April 6, 2022

Dwane L. Tinsley
United States Magistrate Judge